```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION



CLIFTON L. MAJORS              ]
     Plaintiff,                 ]
                                ]
v.                              ]        No. 3:12-0624
                                ]        Judge Sharp
SUMNER COUNTY JAIL, et al.      ]
     Defendants.                ]
```

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Sumner County Jail in Gallatin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Sumner County Jail; Sumner County, Tennessee; and Southern Health Partners, the health care provider for the Sumner County Jail; seeking damages.

On February 1, 2012, the plaintiff slipped and fell on a wet floor at the Jail. As a result of the fall, he injured his right knee. The plaintiff alleges that he was injured as a result of the defendants' negligence. He further claims that he has been denied adequate medical care for his injury.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

Negligent conduct is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. <u>Estelle v. Gamble</u>, 97S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. <u>Whitley v. Albers</u>, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); <u>Daniels v. Williams</u>, 106 S.Ct. 662, 666 (1986)(Fourteenth Amendment). Thus, to the extent that the plaintiff is alleging negligent conduct on the part of the defendants, such allegations fail to state a claim upon which § 1983 relief can be granted.

This action is being brought against the defendants in their official capacities only. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, <u>Pusey v. City of Youngstown</u>, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Sumner County, the municipal entity that operates the Sumner County Jail. <u>Hafer v. Melo</u>, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Sumner County or its agent, the Sumner County Sheriff's Department. <u>Monell v. New York City Department of Social Services</u>, 98 S.Ct. 2018

(1978). In short, for Sumner County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Sumner County that required the withholding of adequate medical care. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge